**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DURRELL GARDNER, :
: Civil Action No. 10-64 (RBK)
Plaintiff, :
:
:
v. : **OPINION**
:
CAPE MAY COUNTY CORRECTIONAL :
CENTER, et al., :
:
Defendants. :

**APPEARANCES**:

    DURRELL GARDNER, Plaintiff pro se
    #41684
    Cape May County Correctional Center
    4 Moore Road
    Cape May Court House, New Jersey 08210

**KUGLER**, District Judge

    Plaintiff, Durrell Gardner, a state inmate currently confined at the Cape May County Correctional Center in Cape May Court House, New Jersey, seeks to bring this action in forma pauperis. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.  BACKGROUND

Plaintiff, Durrell Gardner ("Gardner"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: the Cape May County Correctional Center ("CMCCC"); Sgt. Bowman, Shift Supervisor; Sgt. Turner, Shift Supervisor; Lt. Christine Smith; Mr. Keefe, Classification. (Complaint, Caption, ¶¶ 4b-4d). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

On or about May 4, 2009, after an assault incident by another inmate, plaintiff was transferred from one housing unit to protective custody "which was a suicide watch" cell that did not have "proper bedding." Gardner was not on suicide watch. Gardner spent 34 days in protective custody without proper bedding, from May 4, 2009 to June 6, 2009, having to sleep on the floor. He claims that this was cruel and unusual punishment in violation of his Eighth Amendment rights. (Compl., ¶ 6).

Gardner seeks $350,000.00 in compensatory damages. (Compl., ¶ 7).

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

3

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule

8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

5

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint is plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, ___ F.3d ___, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. Fowler, 2009 WL 2501662, *5. The Third Circuit now requires that a district

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

court must conduct the two-part analysis set forth in <u>Iqbal</u> when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [<u>Iqbal</u>, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [<u>Id</u>.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See <u>Phillips</u>, 515 F.3d at 234-35. As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" <u>Iqbal</u>, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>.

<u>Fowler</u>, 2009 WL 2501662, *5.

This Court is mindful, however, that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of Plaintiff, even after <u>Iqbal</u>. See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).

### III.   <u>SECTION 1983 ACTIONS</u>

Gardner brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

7

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

"The Eighth Amendment to the United States Constitution prohibits any punishment which violates civilized standards and concepts of humanity and decency."  Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992), superseded on other grounds by 42 U.S.C. § 1997e(a).  A prisoner does not lose this protection despite a prison sentence, for "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  In order to establish a claim under the Eighth Amendment based on conditions of confinement, the Supreme Court has set forth a two-part test with objective ("Was the deprivation sufficiently serious?") and subjective ("Did the

officials act with a sufficiently culpable state of mind?") components. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective element requires a prisoner to show that his living conditions amounted to a "serious deprivation of basic human needs." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The subjective element demands that the prisoner demonstrate "that prison officials acted or failed to act with deliberate indifference." Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

With regards to the objective prong, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 347. "To the extent that such conditions are harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. Conditions of confinement for convicted criminals are unconstitutional only when they "deprive inmates of the minimal civilized measure of life's necessities." Id. Whether forcing an inmate to sleep on the floor on a mattress meets this standard is the source of conflicting views amongst federal courts. Compare Lareau v. Manson, 651 F.2d 96, 107-08 (2d Cir. 1981)(finding the practice violates the Eighth Amendment), and Thomas v. Baca, 514 F. Supp.2d 1201, 1215-19 (C.D.Cal. 2007)(same), with Sanders v. Kingston, 53 F. App'x 781, 782 (7th Cir. 2002)(holding the Eighth Amendment does not require "elevated beds for prisoners"), and Mann v. Smith, 796 F.2d 79, 85 (5th Cir. 1986)(same), and Hamm v. DeKalb County, 774 F.2d 1567, 1575

(11th Cir. 1985)(same).  In several unpublished decisions, the district courts of this circuit have found that temporarily forcing inmates to sleep on the floor with a mattress is not, by itself, enough to run contrary to the protections of the Eighth Amendment.  Renn v. Taylor, No. 99-765-SLR, 2001 WL 657591 (D.Del. 2001); Dickinson v. Taylor,  No. 98-695-GMS, 2000 WL 1728363 (D.Del. 2000); Jackson v. Brewington-Carr, No. 97-270-JJF, 1999 WL 27124 (D.Del.1999); Randall v. City of Philadelphia, No. 86-6300, 1987 WL 14383 (E.D.Pa.1987); Huttick v. Philadelphia Prison System, No. 86-3714, 1986 WL 10558 (E.D.Pa.1986).

    The Third Circuit has very recently addressed this practice in the context of a Fourteenth Amendment claim.  Hubbard v. Taylor, 538 F.3d 229 (3d Cir. 2008)("Hubbard II").  In Hubbard II, the Third Circuit held that requiring pretrial detainees to sleep on a mattress on the floor in a cell holding three inmates for three to seven months did not constitute punishment in violation of the Fourteenth Amendment.  538 F.3d at 234-35.  The court rejected Lareau's per se ban on the practice and instead considered it "as part of the 'totality of the circumstances within [the] institution.'"  Id. at 235 (quoting Hubbard v. Taylor, 399 F.3d 150, 160 (3d Cir. 2005)("Hubbard I")[3]).  The

---

[3]  Hubbard I is the predecessor to Hubbard II.  In Hubbard I, the Third Circuit remanded plaintiffs' case to the district court to apply the correct standard for a conditions of confinement claim by a detainee under the Fourteenth Amendment. 399 F.3d at 166-67.  The district court subsequently ruled in defendants' favor and plaintiffs appealed, resulting in Hubbard II.  538 F.3d at 230.

10

court then concluded that although the plaintiffs "did spend a substantial amount of time on floor mattresses," they had access to large day rooms and the record did not substantiate plaintiffs' claims that the use of floor mattresses caused disease or led to the splashing of human waste on the plaintiffs. Id.  After noting the efforts made by the jail to improve conditions, the court found "that Plaintiffs were not subjected to genuine privations and hardship over an extended period of time for purposes of their due process claim."  Id.

In this case, Gardner invokes the Eighth Amendment, but it is not clear that he is a convicted prisoner.  Indeed, it appears that he may be a pretrial detainee.  For pretrial detainees, conditions of confinement claims are considered under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment.  See Hubbard I, 399 F.3d at 158.  Because a suit under the Eighth Amendment requires proof of greater deprivation than under the Fourteenth Amendment, the Court finds that Hubbard II compels the conclusion that Gardner cannot establish a serious deprivation of his most basic human needs. See Hubbard I, 399 F.3d at 164-65.  In Hubbard I, the Third Circuit made clear that pretrial detainees are entitled to greater protection from poor conditions of confinement under the Fourteenth Amendment than inmates seeking relief under the Eighth

11

Amendment.[4]  Hubbard I, 399 F.3d at 165 (" 'Pretrial detainees ... are entitled 'to at least as much protection as convicted prisoners, so the protections of the Eighth Amendment would seem to establish a floor of sorts.'") (internal citations omitted).

With this in mind, the Court can find nothing in Gardner's situation to suggest that he suffered a worse fate than the plaintiffs in Hubbard II.[5]  See 538 F.3d at 237-39.  Gardner slept on a mattress on the floor for 34 days, far less than the outer limit discussed by the court for the plaintiffs in Hubbard II.  This brief period of time without more does not sufficiently

---

[4] In Bell v. Wolfish, the Supreme Court held that whether a condition of confinement of pretrial detainees violated their constitutional rights turns on whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate government purpose.  441 U.S. 520, 535-39, (1979).

[5] Gardner does not allege that he was splashed with urine while sleeping on the floor for the short period of time that he was required to do so.  Nor does he allege other, more egregious conditions than the single fact that he slept on the floor for 34 days.  However, Gardner may seek leave to amend his Complaint to allege facts to show more serious deprivations that would rise to the level of a constitutional violation under the Fourteenth Amendment, if he can do so.  To the extent that plaintiff chooses to amend his Complaint to cure the deficiencies noted herein, pursuant to Federal Rule of Civil Procedure 15, Gardner should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

raise the level of his deprivations to meet the higher Eighth Amendment standard.  The Court must consequently find that Gardner has not shown that he was deprived of the minimal civilized measure of life's necessities, consistent with the Third Circuit's holding in Hubbard II, and therefore the Court will dismiss this Complaint accordingly.

V.   CONCLUSION

For the reasons set forth above, plaintiff's Complaint will be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: January 13, 2010